UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER N. NONN,**

    **Plaintiff,**

  **v.**                                                  Case No. 20-CV-979

**ONLINE INFORMATION SERVICES INC,**

    **Defendant.**

**DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

On August 4, 2020, the Clerk of Court entered default against Online Information Services, Inc. in favor of Christopher N. Nonn. Online Information Services now appears, moving for an order pursuant to Fed. R. Civ. P. 55(c) to vacate the clerk's entry of default and for leave to file an answer. For the reasons further explained below, Online Information Services' motion is granted.

## BACKGROUND

On June 29, 2020, Christopher N. Nonn sued Online Information Services, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Bankruptcy Discharge Injunction, 11 U.S.C. § 524, and the Wisconsin Consumer Act, Wis. Stat. § 427 *et seq.* (Docket # 1.) An affidavit of service was filed on July 15, 2020, indicating that Online Information Services was served on July 13, 2020. (Docket # 5.) Nonn moved for the entry of default on August 4, 2020 pursuant to Rule 55(a), based on Online Information Services' failure to plead or otherwise defend. (Docket # 6.) The clerk of court entered default the same day.

Online Information Services now appears and moves to vacate the clerk's entry of default and allow it to file an answer. (Docket # 10.) In support of its motion, Online Information Services submits the declaration of Paul Lengyel, the Compliance Manager of Online Information Services. (Declaration of Paul Lengyel, Docket # 11.) Lengyel asserts that after Online Information Services was served with Nonn's complaint on July 13, 2020, on July 14, 2020, Online Information Services emailed the complaint to its insurer to provide notice of the claim and for the insurer to assign counsel to respond to the complaint. (*Id.* ¶¶ 2–3.) Online Information Services believed that its insurer was handling answering the complaint. (*Id.* ¶ 3.) On August 10, 2020, however, Online Information Services received Nonn's motion for entry of default via email from its registered agent. (*Id.* ¶ 4.) Online Information Services immediately reached out to and retained counsel. (*Id.* ¶ 5.) On the same date, Online Information Services' counsel spoke to Nonn's counsel in an effort to discuss possible resolution of the matter, and Nonn agreed he would not oppose Online Information Services' motion to vacate entry of default. (*Id.* ¶ 6.)

## ANALYSIS

   1.   *Motion to Set Aside Default*

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Fed. R. Civ. P. 55(c); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). The Seventh Circuit

has a well-established policy favoring trial on the merits over default judgment. *Cracco*, 559 F.3d at 631.

Online Information Services meets all three criteria for setting aside the default. First, Online Information Services has shown good cause for the default. In *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007), the Seventh Circuit stated that Rule 55(c) requires "'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" Two years later, however, the Seventh Circuit in *Cracco* found that a defendant seeking to set aside a default under Rule 55(c) had to show "good cause for the late submission of its answer." 559 F.3d at 631. In *Cracco*, the court determined that because the defendant did not willfully ignore the pending litigation and failed to respond to the summons and complaint through inadvertence, it established good cause. *Id.* "Reading these decisions together, the court first looks to the defendant's excuse for the default, then looks to whether there is 'good cause' for judicial action to set aside a default, such as when a default judgment would yield an unjust award of damages." *See United States f/u/b/o Venture Elec. Contractors, Inc. v. Liberty Mut. Ins. Co.*, No. 17-CV-1473, 2018 WL 4120175, at *6 (E.D. Wis. Aug. 29, 2018). In this case, Online Information Services' failure to answer the complaint was due to inadvertence, not intentional action. Online Information Services timely submitted Nonn's complaint to its insurer and believed the complaint was timely answered. Nonn does not object to setting aside the default. Thus, Online Information Services has established good cause.

Second, once Online Information Services learned of the entry of default, it took quick action to correct the error. On the same day Online Information Services received notice of the clerk's entry of default, Online Information Services retained counsel who

3

immediately reached out to Nonn's counsel. Online Information Services filed a motion to vacate default one week after the default was entered. As such, Online Information Services establishes that it took quick action to correct the error.

Finally, Online Information Services demonstrates that it has a meritorious defense to the complaint. A meritorious defense to the complaint is "more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (internal citation omitted). Online Information Services disputes Nonn's allegations and presents various affirmative defenses to Nonn's claims. Thus, Online Information Services has shown it meets the third criteria to set aside default.

For these reasons, Online Information Services' motion to set aside the default is granted.

2. *Motion for Leave to File Answer*

Online Information Services also requests leave to file an answer. Under Fed. R. Civ. P. 6(b)(1)(B), the court may extend the time for a party to file its answer on motion made after the time has expired "if the party failed to act because of excusable neglect." The Supreme Court elaborated that the inquiry under "excusable neglect" is:

> [A]t bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv.'s, Co. v. Brunswick Assoc.'s Ltd. P'ship.*, 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not unusually

4

constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Further, "[a]s a practical matter, vacating entry of default would serve little purpose without granting defendants leave to file an answer." *Haertle v. Brennan Inv. Grp., LLC*, No. 14-CV-1347, 2015 WL 12964670, at *2 (E.D. Wis. June 4, 2015).

Given Online Information Services' stated reason for its failure to timely answer and the diligence it showed in pursuing this litigation once it received notice of Nonn's lawsuit, coupled with Nonn's lack of opposition to Online Information Services' motion, I find Online Information Services' neglect was excusable and will grant its motion for leave to file an answer. The clerk of court will docket defendant's answer, found at Docket # 10-1.

## ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to set aside default and for leave to answer (Docket # 9) is **GRANTED**. The clerk's office shall **VACATE** the August 4, 2020 entry of default and file defendant's answer found at Docket # 10-1.

Dated at Milwaukee, Wisconsin this 12th day of August, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge